IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>SHAWN J. CREW,<br>    Defendant. | Case No. 1:12-cr-10015-JEH-2 |

**Order**

Now before the Court is Defendant Shawn J. Crew's successive motion for compassionate release. For the reasons stated *infra*, the motion is denied [1].

**I**

**A**

Crew pleaded guilty to the charge of Conspiracy to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On August 14, 2012, Crew was sentenced to a statutory mandatory sentence of life imprisonment, followed by 10 years of supervised release. On April 25, 2018, an amended judgment was entered, reducing Crew's sentence to 288 months (24 years) of imprisonment. This reduction followed a hearing and an agreed disposition. On January 10, 2019, a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was denied. On January 25, 2021, Crew filed a pro se motion for compassionate release, citing sentencing disparity and the COVID-19 pandemic. The motion was denied on February 25, 2021, as the Court found no extraordinary and compelling reason for relief.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

On July 19, 2024, Defendant Crew submitted a request for compassionate release to the Warden at FCI Gilmer, which was denied on July 28, 2024. On August 26, 2024, Defendant Crew filed a second motion for compassionate release, which is currently pending before the Court. On June 30, 2025, after the appointment of counsel, Crew filed a counseled amended motion for compassionate release. The Government filed its response in opposition on July 29, 2025.

In Crew's first compassionate release motion, he argued to the Court that his sentence was excessively harsh and that, under the structure of the First Step Act, he would have received a more lenient sentence if sentenced at the time of the filing of his motion, as even his sentencing judge expressed that the punishment was too severe but that he was constrained by congressional mandates. He asserted that he had demonstrated his personal rehabilitation by noting over ten years in custody with very few infractions despite challenging circumstances, overcoming methamphetamine addiction, completing many programs, and maintaining steady prison employment. He also described contracting and suffering severely from COVID-19 in prison and raised concerns about unknown long-term health effects, emphasizing the difficulty in controlling the virus within correctional facilities. Lastly, he pointed to his maturity and personal growth, stating he was in his early 20s at the time of the crime but was then 39 and profoundly affected by his incarceration, urging the Court to grant compassionate release.

Judge Joe B. McDade, the sentencing judge and judge presiding at the time of the filing of the compassionate release motion, denied the motion. In doing so, while acknowledging the Defendant's concerns, Judge McDade found that the reasons provided did not rise to the level of "extraordinary and compelling" as required by law. Specifically, the Court held that the general risk of contracting

COVID-19 in prison did not constitute an extraordinary and compelling reason for relief, especially since Crew had already contracted and recovered from COVID-19 with minimal symptoms, there was only one active case at his facility, and significant mitigation measures as well as imminent vaccination efforts were in place at the facility in which he was placed at the time. Judge McDade also rejected Crew's argument regarding sentencing disparity created by changes in the law after the First Step Act, noting that Crew's current reduced sentence of 288 months is still well below the applicable guideline range he would face at the time the Court entered its order, and any speculation that he would have received a lower sentence is neither concrete nor constitutes an "extreme" or "extraordinary and compelling" disparity. Additionally, while the Court was moved by personal letters and the Defendant's holistic arguments, it ultimately found they were insufficient to justify release, and thus exercised its discretion to deny the motion.

## B

Crew now moves again for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, arguing that extraordinary and compelling reasons now warrant a sentence reduction following changes in sentencing law and his demonstrated rehabilitation. He asserts that his case fits squarely within the Sentencing Commission's newly-created category for "unusually long sentences" in § 1B1.13(b)(6), because he was originally sentenced to mandatory life (later reduced to 288 months), has served over ten years, and now faces a gross disparity compared to sentences imposed on similarly situated co-defendants—most of whom have been released under much shorter terms due to changes in applicable law and sentencing practices. Crew further notes that the statutory penalties for the offense have since been reduced and that mandatory life sentences are no longer required absent aggravating circumstances. He emphasizes individualized circumstances including his efforts at rehabilitation—

3

such as participating in substance abuse programming, steady prison employment, educational pursuits, and strong family support and employment prospects upon release. The motion addresses hardships faced in custody, including trauma and heightened security restrictions stemming from his personal circumstances, his exposure to abuse and solitary confinement, and the emotional and practical burdens of separation from his family, especially as his parents age and his son transitions to adulthood. Crew underscores that he is not a danger to the community, referencing his positive institutional record, lack of recent violent infractions, nonviolent criminal history apart from one exception, and demonstrated maturity and remorse. The motion concludes that the statutory § 3553(a) factors support release, as a reduced sentence would reflect the seriousness of the offense, avoid unwarranted disparities among defendants, recognize his progress, and better promote his successful reentry.

The Government makes several arguments in opposition to Crew's motion for compassionate release. First, the Government argues Crew has not demonstrated an extraordinary and compelling reason for release, as required under 18 U.S.C. § 3582(c)(1)(A). Crew's reliance on the "Unusually Long Sentence" provision of U.S.S.G. § 1B1.13(b)(6) is misplaced, as this provision does not provide a basis for relief in the Seventh Circuit under current case law. Furthermore, Crew's sentence was already reduced from life to 288 months due to a prior agreement between the parties, and this reduction is still below the guideline range of 360 months to life. The Government also argues that the § 3553(a) factors weigh against release, emphasizing Crew's role as the primary methamphetamine cook and leader of a conspiracy that spanned three years and involved the manufacture and distribution of over four kilograms of methamphetamine. Crew's criminal history and continued disciplinary issues

4

while incarcerated further underscore the risk he poses to the community, making his release unwarranted.

## II

### A

Prior to filing a motion for compassionate release, a prisoner must first "present his request for compassionate release to the warden and exhaust administrative appeals." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhaustion of administrative remedies is a mandatory prerequisite for a judge to grant a motion for compassionate release. *Id*. If a prisoner has exhausted his administrative remedies, then "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction", *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). In 2023, the Sentencing Commission promulgated amendments to the sentencing guidelines, including § 1B1.13's policy statement. The amendments to § 1B1.13 rendered the policy statement applicable to defendant-filed motions.

If the defendant presents an extraordinary and compelling reason warranting a sentence reduction consistent with the policy statements of the Sentencing Commission, then a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction, [if any] to award the prisoner." *Id*. "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted). When determining whether a prisoner has raised an extraordinary and compelling reason, a court should consider all the reasons raised "[i]ndividually and collectively." *United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023). Even

if a reason on its own is "insufficient to meet the threshold," the collective effect of all the reasons raised may be extraordinary and compelling. *Id*.

**B**

**1**

Crew first argues that he can establish extraordinary and compelling circumstances under § 1B1.13(b)(6). That section provides:

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Crew argues that changes to his statutory mandatory minimum sentence made by §§ 401 and 403 of the First Step Act, the fact that he has served more than 10 years of his sentence, and gross disparities between the sentence he is now serving and a sentence likely to be imposed now satisfy all of the § 1B1.13(b)(6) factors.

There are two fatal problems to this argument. First, the Seventh Circuit in *United States v. Black*, 131 F.4th 542, 546 (7th Cir. 2025), held that the Sentencing Commission exceeded its authority when promulgating § 1B1.13(b)(6). Accordingly, at least in the Seventh Circuit, that section cannot be the basis for a court finding an extraordinary and compelling reason to reduce a sentence. Second, even if this Court could look to this section under the circumstances of this case, Judge McDade previously rejected an argument that the First Step Act created a disparity between the sentence Crew is serving and the sentence of others. Judge McDade explicitly noted that Crew's 288-month sentence is *below* the

6

guideline range applicable to a similarly situated defendant who was sentenced after the First Step Act (or today for that matter). This conclusion is the law of the case, and the Court will not reconsider it. *United States v. DeSilva*, Case No. 4:04-CR-40080-JEH-1, 2025 WL 1047701, at *2 (C. D. Ill. 2025) *quoting SFG v. Musk*, No. 19-cv-02198, 2021 WL 972887, at *1 (N.D. Ill. Feb. 10, 2021), *quoting United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008)(citations omitted) ("There is a presumption against revisiting previously decided issues; '[u]nder the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation.' " Accordingly, both because § 1B1.13(b)(6) cannot be used by a court as a basis for finding an extraordinary and compelling reason, and because, even if the Court could, the Court has already found that a gross disparity does not exist between Crew's sentence and post Fair Sentencing Act sentences.

## 2

Although Crew's primary focus in arguing extraordinary and compelling circumstances exist is placed upon § 1B1.13(b)(6), he also "half-heartedly" argues that he meets the requirements of sections 1B1.13(b)(1) – (5).

For example, regarding § (b)(1), "Medical Circumstances," although asserting in a "heading" that he falls within this section, in the body of his argument he concedes that "Crew has fairly stable medical history and no significant illnesses nor injuries." (D. 393 at ECF p. 22). Likewise, for § (b)(2), "Age of Defendant," notwithstanding what he asserts in his heading, he concedes in his argument that the Defendant is "still a relatively young individual . . . and is now 43 years old." *Id.* at 23. The same is true for § (b)(3), "Family Circumstances." Although Crew notes a number of sympathetic family circumstances, (b)(3) narrowly defines exactly *which* family circumstances can establish an extraordinary and compelling reason for a sentence reduction, none of which Crew argues are present in this case. *See* U.S.S.G. § 1B1.13(b)(5)(A)-(D). With

respect to section (b)(4), "Victim of Abuse," that section generally requires either sexual or physical abuse committed by or at the direction of a correctional officer or other similarly situated individuals "as established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding." Crew fails to assert any of these necessary facts. Finally, regarding (b)(5), "Other Reasons," this section requires a defendant establish that these other reasons are "similar in gravity to those described in paragraphs (1) through (4)." Crew makes no argument regarding how his asserted "other reasons" are similar in gravity to the circumstances listed in (b)(1) – (4). In other words, Crew cannot establish any extraordinary and compelling circumstances to warrant a sentence reduction which is consistent with the policy statement set forth in § 1B1.13(b).

C

Judge McDade did not address the weighing of the § 3553(a) factors when denying Crew's previously filed compassionate release motion, having concluded Crew failed to establish an extraordinary and compelling reason for a sentence reduction. Given that this is now Crew's second compassionate release motion, the Court will address the balance of the § 3553(a) factors, assuming that an extraordinary and compelling circumstance could be established.

Specifically, even assuming Crew could establish eligibility for a reduced sentence, this Court finds that the balance of § 3553(a) factors weigh against a sentence reduction. Notwithstanding all the various mitigating reasons cited in Crew's motion, as the Government argues, Crew's role as the primary methamphetamine cook and leader of a conspiracy that spanned three years and involved the manufacture and distribution of over four kilograms of methamphetamine, his criminal history, and continued disciplinary issues while incarcerated demonstrate the risk he still poses to the community, making his

8

release unwarranted. Moreover, the 288-month sentence he is serving is below the applicable guideline range if he was sentenced today, and a lower sentence would undermine the seriousness of the offense (as well as the other retributive factors set forth at § 3553(a)(2)(A)), fail to afford adequate deterrence ((a)(2)(B)), and fail to protect the public from further crimes of the defendant ((a)(2)(C)).

### III

For the reasons stated *infra*, Crew's motion for compassionate release is denied. He fails to establish an extraordinary and compelling reason consistent with applicable policy statements which would warrant a sentence reduction, and the balance of § 3553(a) factors and the interests of justice weigh against a sentence reduction.

*It is so ordered.*

Entered on August 4, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE